UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J & J SPORTS PRODUCTIONS, INC., as
Broadcast Licensee of the May 7, 2011,
Pacquaio/Mosley Broadcast,

                  Plaintiff,                  Case No. 11-cv-14890

                                              Paul D. Borman
v.                                             United States District Judge

JOHNNIE WASHINGTON, Individually, and as
officer, director, shareholder, and/or principal of
J & J ENTERTAINMENT GROUP, LL, and 546
MANAGEMENT GROUP, LLC, d/b/a NEXT LEVEL
MARTINI BAR AND GRILL, a/k/a NEXT LEVEL
LOUNGE,

                  Defendants.
_____/

<u>OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT (ECF NO. 24)</u>

This matter is before the Court on Plaintiff's Motion for Default Judgment. (ECF No. 24.) The Court held a hearing on February 22, 2013. For the reasons that follow, the Court DENIES WITHOUT PREJUDICE Plaintiff's motion for default judgment against Defendant J & J Entertainment Group, LLC d/b/a Next Level Martini Bar and Grill, a/k/a Next Level Lounge.

**INTRODUCTION**

Plaintiff J&J Sports Productions, Inc. ("J&J Sports"), a California corporation, filed this action against Defendants Johnnie Washington ("Washington"), Next Level Martini Bar and Grill a/k/a Next Level Lounge ("Next Level Lounge"), J&J Entertainment Group, LLC d/b/a Next Level Martini Bar and Grill a/k/a Next Level Lounge ("J&J Entertainment Group") and 546 Management

1

Group, LLC d/b/a Next Level Martini Bar and Grill a/k/a Next Level Lounge ("546 Management Group") on November 7, 2011. The Complaint alleges that these entities illegally broadcast, and charged patrons a $10 entrance fee to watch, the May 7, 2011, WBO Welterweight Championship Bout between Manny Pacquaio and Shane Mosley ("the Pacquaio/Mosley Broadcast"), to which Plaintiff J&J Productions was granted exclusive rights of distribution via closed circuit television and encrypted satellite signal. Plaintiff claims that Defendants violated 47 U.S.C. § 553 and § 605 through their unauthorized transmission of the Pacquaio/Mosley Broadcast. Currently before the Court is Plaintiff's motion for default judgment against Defendant J&J Sports Entertainment. For the reasons that follow, the Court DENIES WITHOUT PREJUDICE the motion for default judgment.

## I.   BACKGROUND

Plaintiff filed this action against Defendants Washington, Next Level Lounge, 546 Management Group and J&J Entertainment Group on November 7, 2011. (ECF No. 1, Complaint.) Plaintiff claims that by contract it was granted the right to distribute the Pacquaio/Mosley Broadcast and all undercard bouts which took place on May 7, 2011, via closed circuit television and via encrypted satellite ("the Broadcast"). *Id.* ¶ 25. The Broadcast originated via satellite and was subsequently re-transmitted to cable systems and satellite companies via satellite signal. *Id.* Pursuant to the contract, Plaintiff entered into subsequent agreements with various entities in the State of Michigan, allowing them to publicly exhibit the Broadcast to their patrons, at significant expense to Plaintiff. *Id.* ¶¶ 26-27. Plaintiff claims that with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, Defendants unlawfully intercepted, received and/or de-scrambled the satellite signal, and did exhibit the Broadcast at 546

E. Larned Street, Detroit, Michigan. *Id.* ¶ 28. Plaintiff alleges that in so doing, Defendants engaged in unauthorized reception and publication and/or commercial misuse of communications in violation of 47 U.S.C. § 605, giving Plaintiff, the holder of the distribution rights, a private right of action for money damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii) of up to $110,000 as to each Defendant and an award of costs, interest and attorney's fees. *Id.* ¶¶ 30-34. Plaintiff claims that in so doing, Defendants also engaged in the unauthorized reception, interception and exhibition of a communication service offered over a cable system in violation of 47 U.S.C. § 553, giving Plaintiff a private right of action for money damages pursuant to 47 U.S.C. § 553(b) of up to $60,000 as to each Defendant and an award of costs, interests and attorney's fees. Plaintiff states that without further discovery, Plaintiff cannot determine whether Defendants intercepted Plaintiff's Broadcast via a cable system in violation of 47 U.S.C. § 553, or via a satellite transmission in violation of 47 U.S.C. § 605. Plaintiff states that Defendant can only be liable under one of these sections and opts to proceed under § 605. Plaintiff seeks a default judgment in the total amount of $42,885.00.

## II.  STANDARD OF REVIEW

Under Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). *Hanner v. City of Dearborn Heights*, No. 07-15251, 2008 WL 2744860, at *1 (E.D. Mich. 2008) ("In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a)."). "When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross,* 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). If, accepting as true all of Plaintiff's well-

pleaded allegations, those allegations are sufficient to support a finding of liability, a judgment in Plaintiff's favor shall enter. "Fed. R. Civ. P. 55 does not require a presentation of evidence as a prerequisite to the entry of a default judgment, although it empowers the court to conduct such hearings as it deems necessary and proper to enable it to enter judgment or carry it into effect." *Id.* at 848. "Under Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

### III. ANALYSIS

"A district court must determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case. The failure to do so requires reversal." *Ford Motor*, 441 F. Supp. 2d at 845. *See also Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board*, No. 99-5018, 2000 WL 1257040, at *5 (6th Cir. July 11, 2000) (unpublished table decision) ("[T]here must be effective service of process on a defendant before an entry of default can be made. Without proper service of process, the district court is without jurisdiction to make an entry of default against a defendant pursuant to Rule 55(a) as requested by the plaintiffs.") (citing 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2682).

Federal Rule of Civil Procedure 4(h) provides that service upon a corporation, partnership or association may be accomplished by (1) delivering a copy of the summons and complaint to an officer, managing agent or general agent, or any other agent authorized by appointment or law to receive service of process and by also mailing a copy of each to the defendant or (2) by any manner prescribed for individuals under Rule 4(e)(1), which allows for service pursuant to the law of the state in which the district court is located. *See* Fed. R. Civ. P. 4(h), (e). "Michigan court rules do not

4

expressly address the proper manner of service on an LLC." *Smith v. Trojan, LLC*, No. 252244, 2005 WL 839499, at *1 (Mich. Ct. App. April 12, 2005) (unpublished) (permitting service on an LLC pursuant to Mich. Ct. R. 2.105(H)(1), which permits service on an agent authorized by law to accept service of process); *Western America Properties, Inc. v. Excel Escrow Services, LLC*, No. 10-14207, 2011 WL 116904, at *1 (E.D. Mich. Jan. 13, 2011) (applying the service rule for unincorporated voluntary associations to an LLC and noting that "[s]ervice on a limited liability company can be made by serving a summons and a copy of the complaint on a member, officer, director, trustee, agent, or other person in charge, and sending a summons and a copy of the complaint by registered mail, addressed to an office of the association") (citing Mich. Ct. R. 2.105(E)); *Estate of Wyatt v. WAMU/JP Morgan Chase Bank*, No. 09-14919, 2011 WL 3163242, at *4 (E.D. Mich. July 27, 2011) (applying the service rule for unincorporated voluntary associations to an LLC noting that "[u]nder Michigan law, service on a partnership association [Pathway Financial LLC] may be achieved by serving a person in charge of the office *and* mailing a copy of the summons and complaint to the business office") (citing Mich. Ct. R. 2.105(E)) (emphasis in original).

Additionally, Michigan's Limited Liability Act provides that: "The resident agent appointed by a limited liability company is an agent of the company upon whom any process, notice, or demand required or permitted by law to be served upon the company may be served. . . . If a limited liability company fails to appoint or maintain an agent for service of process, or the agent for service of process cannot be found through the exercise of reasonable diligence, service of process may be made by delivering or mailing by registered mail to the administrator a summons and copy of the complaint." Mich. Comp. Laws § 450.4207(2), (4).

Michigan law allows service upon a corporation by serving a summons and a copy of the complaint on an officer or the resident agent personally or, alternatively, by serving a summons and a copy of the complaint on a director, trustee or person in charge of the office as well as sending a summons and a copy of the complaint by registered mail, addressed to the principal of the office of the corporation. Mich. Ct. R. 2.105(D)(1), (2). *See Vasher v. Kabacinski*, No. 06-12287, 2007 WL 295006, at *2 (E.D. Mich. Jan. 29, 2007). Similarly, Michigan law allows service upon a partnership or limited partnership by serving a summons and a copy of the complaint on any general partner or serving a summons and a copy of the complaint on a person in charge of a business establishment as well as sending a summons and a copy of the complaint by registered mail, addressed to a general partner at his or her usual residence or last known address. *See* Mich. Ct. R. 2.105(C)(1), (2). As noted above, Michigan law allows service on partnership associations and unincorporated voluntary associations by serving a summons and a copy of the complaint on an officer, director, trustee, agent, or person in charge of an office or business establishment of the association and sending a summons and a copy of the complaint by registered mail addressed to an office of the association. *See* Mich. Ct. R. 2.105(E).

Importantly for the Court's resolution of the this motion, the Michigan Court Rules governing service of process expressly distinguish between "certified mail" and "registered mail" as follows: If a rule uses the term "registered mail," that term includes the term "certified mail," and the term "registered mail, return receipt requested" includes the term "certified mail, return receipt requested." *However*, if certified mail is used, the receipt of mailing must be postmarked by the post office." Mich. Ct. R. 2.105(K) (emphasis added).

Plaintiff alleges in the Complaint that Defendant J&J Entertainment Group, against whom

6

Plaintiff seeks a default judgment, is "a business entity, the exact nature of which is unknown, having its principal place of business at 546 E. Larned Street, Detroit, MI 48226, whose registered agent is [Defendant] Johnnie Washington." (ECF No. 1, Compl. ¶ 16.) The Proof of Service originally filed by Plaintiff as to Defendant J&J Entertainment Group indicates that service was made on J&J Entertainment Group, a corporation, by delivering a copy of the summons and complaint to a person of suitable discretion at defendant's place of business at 546 E. Larned Street, Detroit, Michigan, 48226, to Kiara Woodson (person in charge)." (ECF No. 4, Proof of Service.) That Proof of Service does not indicate that service also was made by mailing a copy of the summons and complaint via registered mail to the principal office of the corporation. Both are required by the Michigan Court rule if the method chosen for service on a corporation is delivery to a person in charge.

Under Mich. Ct. R. 2.105(D)(1), service also may be effected on a corporation by serving a summons and a copy of the complaint on an officer or resident agent. In this case, the alleged corporate officer and resident agent, Johnnie Washington, who was also named as a Defendant in the case, was never personally served. In its response to this Court's January 19, 2012 Order to Show Cause why this case should not be dismissed for failure to prosecute, Plaintiff indicated that it had been unable to effect service of process on Defendant Johnnie Washington and was preparing to enter a partial dismissal as to Defendant Washington. (ECF No. 6, Plaintiff's Response to Order to Show Cause ¶ 2, 3.) Plaintiff avers that it delivered a copy of the summons and complaint to Johnnie Washington "via certified mail, return receipt requested" but the package was returned as "unclaimed." (ECF No. 6, ¶ 2.) As indicated in the show cause response, Plaintiff did dismiss Defendant Washington from the case on February 2, 2012. (ECF No. 7, Notice of Partial Dismissal.)

Thus, Plaintiff's sole method of service, i.e. personal service on a person in charge at the J&J Entertainment Group business address, is insufficient without also sending a copy to that address (if a corporation) or to an office of the association (if an unincorporated association) via registered mail (or if by certified mail with a receipt of mailing postmarked by the post office, *see* Mich. Ct. R. 2.105(K)(1)), all as required under Mich. Ct. R. 2.105. *See Mosley v. Faurecia Automotive Seating, Inc.*, No. 08-10130, 2008 WL 1925051, at *3 (E.D. Mich. May 1, 2008) (noting that there must be effective service of process before a default may enter and finding that Michigan law requires either personal service on an officer or resident agent or personal service on a person in charge along with mailing a copy to the defendant's address).

The Court notes that Defendant J&J Entertainment Group is described as a limited liability company ("LLC") and filed Articles of Organization in 2008 with the Michigan Department of Labor and Economic Growth as a Domestic Limited Liability Company. *See* Michigan Department of Labor and Economic Growth, Bureau of Commercial Services, Articles of Organization for use by Domestic Limited Liability Company. (Copy attached to this Order.)[1] Plaintiff maintains that it did serve the Summons and Complaint on a person in charge and did mail a copy addressed to Johnnie Washington at his last known address. After the hearing on this matter, Plaintiff provided the Court with Affidavit testimony that the Summons and Complaint were mailed via certified mail return receipt requested to Defendant Johnnie Washington at his last known address, i.e. 18970 Eldorado, Lathrup Village, MI 48076. (*See* ECF No. 31.) The Articles of Organization do not list the members

---

[1] A copy of the August 22, 2008 J&J Entertainment Group, LLC Articles of Organization was provided to the Court by Plaintiff's counsel via email on February 14, 2013. The Articles of Organization were never formally filed with the Court and are attached to this Opinion and Order as Exhibit A.

8

of J&J Entertainment Group, LLC, but do list Johnnie E. Washington as the "resident agent," and Johnnie Washington signed the Articles of Organization as the LLC's "Organizer." (*See id.*) The Court is unclear which Michigan Court Rule Plaintiff suggests that these actions satisfy. Fatal to Plaintiff's service efforts, however, is that regardless of what legal form is attributed to J&J Entertainment Group (and the Court notes that the only evidence before the Court is that J&J Entertainment Group is an LLC), mailing was required to be by "registered mail," or if by certified mail, then receipt of mailing was to be evidenced by postmark from the post office. *See* Mich. Ct. Rule 2.105(K)(1). Plaintiff has been unable to provide the Court with evidence of sufficient service of process on Defendant J&J Entertainment Group.

## IV.  CONCLUSION

Because J&J Entertainment Group has not been properly served, the Court does not have personal jurisdiction over that entity and cannot enter the requested default judgment. It would serve no party's interest for the Court to award a default judgment lacking jurisdiction over the defaulting party. Plaintiff will have 21 days from the date of this Order to properly serve J&J Entertainment Group. If and when appropriate, the Court will address a second motion for default judgment with dispatch. Plaintiff should be mindful of any possible expiration of the original Summons, and should carefully review all applicable rules for service of process and be aware of the obligation to secure a clerk's entry of default and to notify the defaulting party as required by Court rule, prior to filing a second motion for default judgment.

IT IS SO ORDERED.

Dated: 4-18-13

Paul D. Borman
United States District Court